UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GINGER JORDAN, et al.,

               Case No. 1:15-cv-552

  Plaintiffs,           Beckwith, J.
                  Bowman, M.J.

 v.

JUDGE MELBA MARSH, et al.,

  Defendants.

**REPORT AND RECOMMENDATION**

On August 24, 2015, Plaintiff filed a motion seeking leave to file a complaint in this Court *in forma pauperis*, or without payment of fees. (Doc. 1). Attached to Plaintiff's motion is a copy of the proposed complaint. (Doc. 1-1).

**I. General Screening Authority**

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The complaint itself is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be

dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915 (e)(2)(B)(ii).  Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)).  The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

## II. Allegations Of Complaint

Plaintiff's complaint identifies the following defendants: (1) Judge Melba Marsh; (2) Judge Michael Bachman; (3) Scott A. Best (Law Firm); (4) David R. Kostreva; (5) Arnold S. Levine; (6) Bruce A Curry; (7) Lisa Haase; and (8) John Georgin. All of the identified defendants are alleged to have been involved in some capacity in a "tort lawsuit of identity theft." (Doc. 1-1 at 4). As relief, Plaintiff wants "Safe Auto and Hamilton County Courthouse to stop harassing me and life threating [sic] gestures to end." Plaintiff also wants "th digital telecommunication to stop," and for her "name cleared from…the black list," and "off the pen trace registry…" She seeks monetary damages in the amount of $48.00 per month for a period of 9 years, plus $2,000.00 per

day from 2006 until "court proceedings are over with." She also seeks "the wire tapping to end." (Doc. 1-1 at 5).

Attached to the form used to initiate her complaint, Plaintiff has included a handwritten single-spaced 22 page complaint. (Doc. 1-1 at 6-28). In that document, Plaintiff states that the events concerning this litigation began many years ago when her daughter, Sidney Jordan, now an adult, was 10 years old.[1] Specifically, she alleges that in June 2004, Sidney's wrist was injured after she was struck by a pick-up truck, driven by an uninsured driver. She alleges that she met with an attorney, Defendant Scott Best, at the law office of Defendant Arnold Levine, but that Mr. Best told her that Safe Auto Insurance Company does not cover uninsured drivers. (Doc. 1-1 at 9). "Eight years later" (presumably 2012), she alleges that she discovered that a "tort lawsuit" had been filed by Mr. Best under her name, without her knowledge. (Doc. 1-1 at 9-10). Plaintiff alleges that the case went to trial before Judge Bachman and/or Judge Marsh, but that "Scott A. Best and Safe Auto Insurance Company had some people pretending to be Ginger and Sidney Jordan." (*Id.* at 10). Although some of Plaintiff's allegations are unclear, it appears that she alleges the case resulted in the payout of $25,000, but that various Defendants told her that the case was closed without any payment of funds. Plaintiff alleges that she traveled by Greyhound bus to State Auto Insurance offices in Columbus, but was unable to obtain satisfactory information. She states that from the first time she made an inquiry to Defendants Best, McShane and Levine, her life "has been full of threats and my livelihood being in a destituted [sic] life."

Plaintiff subsequently made identity theft reports and eventually called 911 to report the "identity theft tort lawsuit," but instead of assisting her, the dispatcher initially

---

[1] In her motion to proceed *in forma pauperis*, Plaintiff confirms that she has no dependent children.

inquired whether she was mentally ill.  The dispatcher subsequently advised she would send a patrol car to speak to Plaintiff.  After officers arrived, Plaintiff alleges they were more concerned with a shotgun that she had than with helping her.  Eventually the officers confiscated her shotgun and took her to a mental hospital, where she was involuntarily hospitalized and forced to take medication for three days, and ultimately presented with a bill for the services provided.  Plaintiff denies being mentally ill.  (*See generally* Doc. 1-1 at 13-19).

Plaintiff next relays a series of events in which she unsuccessfully attempted to retrieve her shotgun and obtain her psychiatric records.  Plaintiff also recounts a rather confusing set of events concerning her ongoing communications with Safe Auto Insurance Company, and unsuccessful appeals to the Ohio Department of Insurance concerning the allegedly false Hamilton County court case and/or various policy numbers.  (*Id.* at 19-20).

The next set of allegations concern a 1997 Chevrolet Cavalier that Plaintiff alleges she purchased in 2004, and paid off "by filing bankruptcy Chapter 13." (Doc. 1-1 at 20).  Plaintiff complains about being stopped for minor traffic violations and having difficulties due to an error in the recording of the license plate number.  She also complains that the car was repeatedly tampered with by people trying to kill her.  (Doc. 1-1 at 21-22).  She alleges that at some point in time, the car was stolen, but that when she called 911 to report the crime, the police response was inadequate.  (*Id.* at 22-25).  She was unable to resolve the license plate discrepancy due to the fact that the car had been stolen.  Plaintiff claims that she has been "living in false imprisonment" and fears threats "to break in my sister's home with guns and harm me and my family." (Doc. 1-1

at 26).  She alleges that "[t]hey threatened…to sell me as a sex slave for money they have spent on me during this time for nearly 10 years of private investigators.  I have been harassed by police department and fire department and other threatening gestures from other areas and different categories of workers."  Plaintiff also alleges that her mail, and her daughter's mail, has been tampered with.  (*Id.* at 26-27).

Closing out her complaint, Plaintiff explains her belief that the "system corrupted my life style with no work, no money and no food.  I Ginger want this matter solved to request help through the Federal Court System to receive my entire life back."

### III.  Analysis of Claims

The undersigned recognizes that Plaintiff sincerely believes that she needs assistance, but unfortunately, the type of assistance that Plaintiff may need cannot be provided through this federal lawsuit.  Under relevant screening standards and federal law, Plaintiff's complaint should be dismissed in its entirety.  The complaint provides no factual content or context from which the Court may reasonably infer that any Defendant violated Plaintiff's rights.  Plaintiff's factual allegations rise to the level of the delusional, irrational and "wholly incredible."  The judicial defendants also are entitled to absolutely immunity.  Accordingly, the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Additionally, nearly all of the events of which Plaintiff complains occurred so long ago that any possible claim would be time-barred.  Last, Plaintiff, as a pro se litigant, cannot file suit on behalf of her now-adult daughter, Sidney Jordan, who is named in the complaint as an additional Plaintiff.

**IV. Conclusion and Recommendation**

For the reasons stated, IT IS RECOMMENDED THAT all claims contained in Plaintiff's complaint be dismissed with prejudice, pursuant to 28 U.S.C. §1915(e).

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

GINGER JORDAN, et al.,

       Plaintiffs,

  v.

JUDGE MELBA MARSH, et al.,

       Defendants.

Case No. 1:15-cv-552

Beckwith, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

      *s/ Stephanie K. Bowman*
      Stephanie K. Bowman
      United States Magistrate Judge