UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Ginger Jordan, et al, | : | Case No. 1:15-cv-552 |
| Plaintiffs, | : | |
| vs. | : | |
| Judge Melba Marsh, et al, | : | |
| Defendants. | : | |

**ORDER**

The Magistrate Judge performed the required sua sponte review of Plaintiff's complaint, after she was granted leave to proceed in forma pauperis.  The Magistrate Judge then issued a Report, recommending that the complaint be dismissed because it fails to state a cognizable claim for relief against any of the Defendants.  Plaintiff, Ginger Jordan, is proceeding pro se and her complaint must be liberally construed.  Even under that standard, however, her pleading lacks facts and some reasonable context that might give rise to an inference of a claim against the group of named Defendants, which includes judicial officers and lawyers.  Ms. Jordan's claims against two state court judges fail at the outset, as they are entitled to absolute immunity.  And the allegations against the rest of the Defendants appear to have arisen at least eight years ago.  Many of her allegations are both conclusory and irrational.  And she purports to bring claims on behalf of her adult daughter which, as a lay person, she is not entitled to do.

Plaintiff responded to the Report by asking to amend her case, citing the Bill of Rights and the False Claims Act, 31 U.S.C. §3729.   She alludes to illegal government surveillance, and to the Computer Fraud and Abuse Act.  She asserts that she is

entitled to submit a victim impact statement, and cites a federal statute prohibiting stalking, 18 U.S.C. §2261. After quoting several more statutes and Constitutional Amendments, Plaintiff states that she needs to amend her claim to make it more accurate or more up to date. (Doc. 5)

In supplemental filings on October 29 and November 12, 2015 (Docs. 7 and 8), Plaintiff contends that she carries a shotgun because people are following her, that her cell phone is inoperable, that unidentified people have threatened to relocate her to another country, and that a truck driver will kill her. Her sister has allegedly been harassed by the "court system."

The Magistrate Judge aptly concluded that Plaintiff sincerely believes that she needs court assistance. But based on her complaint, this Court is unable to provide the type of assistance she may need. And Plaintiff's responses to the Report and Recommendation do not remedy the defects in her complaint that the Magistrate Judge cited. The Court agrees with the Magistrate Judge that the complaint, even broadly construed, fails to allege a cognizable claim against any of the Defendants, and upon which this Court might grant her relief.

Therefore, the Court adopts in full the Magistrate Judge's Report (Doc. 4). Plaintiff's complaint is dismissed with prejudice, pursuant to 28 U.S.C. §1915(e).

    SO ORDERED.

    THIS CASE IS CLOSED.

DATED: November 17, 2015          s/Sandra S. Beckwith
                                                 Sandra S. Beckwith, Senior Judge
                                                 United States District Court